## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL – MISSISSIPPI )
COUNTY, INC. d/b/a BAPTIST MEMORIAL )
HOSPITAL - BLYTHEVILLE )
1520 North Division Street )
Blytheville, AR 72315 )
                and )
 )
BAPTIST MEMORIAL – BOONEVILLE, INC. )
100 Hospital Street )
Booneville, MS 38829 )
                and )    Civil No.: _____
 )
BAPTIST MEMORIAL HOSPITAL d/b/a BAPTIST )
MEMORIAL HOSPITAL - COLLIERVILLE )
1500 West Poplar )
Collierville, TN 38017 )
                and )
 )
BAPTIST MEMORIAL – DESOTO, INC. )
7601 Southcrest Parkway )
Southaven, MS 38671 )
                and )
 )
BAPTIST HOSPITAL – FORREST CITY, INC. )
1601 NewCastle )
Forrest City, AR 72335 )
                and )
 )
BAPTIST MEMORIAL REGIONAL REHABILITATION )
SERVICES, INC. )
2100 Exeter Road )
Germantown, TN 38138 )
                and )
 )
BAPTIST MEMORIAL HOSPITAL – GOLDEN )
TRIANGLE, INC. )
2520 fifth Street North )
Columbus, MS 39705 )
                and )
 )

BAPTIST MEMORIAL HOSPITAL – HUNTINGDON    )
631 R.B. Wilson Drive                     )
Huntingdon, TN 38344                      )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL – LAUDERDALE    )
326 Asbury Avenue                         )
Ripley, TN 38063                          )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL d/b/a BAPTIST   )
MEMORIAL HOSPITAL – MEMPHIS               )
6019 Walnut Grove Road                    )
Memphis, TN 38120                         )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL – NORTH         )
MISSISSIPPI, INC.                         )
2301 South Lamar                          )
Oxford, MS 38655                          )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL – MISSISSIPPI   )
COUNTY, INC. d/b/a BAPTIST MEMORIAL       )
HOSPITAL – OSCEOLA                        )
611 West Lee Avenue                       )
Osceola, AR 72370                         )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL – TIPTON        )
1995 Highway 51 South                     )
Covington, TN 38019                       )
      and      )
                                          )
BAPTIST MEMORIAL UNION CITY               )
Russell & Bishop Streets                  )
Union City, TN 38261                      )
      and      )
                                          )
BAPTIST MEMORIAL HOSPITAL – UNION         )
COUNTY, INC.                              )
200 Highway 30 West                       )
New Albany, MS 38652                      )
      and      )

FAIRVIEW HEALTH SERVICES d/b/a FAIRVIEW       )
LAKES MEDICAL CENTER                          )
5200 Fairview Blvd.                           )
Wyoming, MN 55092                             )
       and                                        )
                                             )
FAIRVIEW HEALTH SERVICES d/b/a FAIRVIEW       )
NORTHLAND MEDICAL CENTER                      )
911 Northland Drive                           )
Princeton, MN 55371                           )
       and                                        )
                                             )
FAIRVIEW RED WING HEALTH SERVICES             )
d/b/a FAIRVIEW RED WING MEDICAL CENTER        )
701 Fairview Blvd                             )
Red Wing, MN 55066                            )
       and                                        )
                                             )
FAIRVIEW HEALTH SERVICES d/b/a                )
FAIRVIEW RIDGES HOSPITAL                      )
201 Nicollett Blvd.                           )
Burnsville, MN 55337                          )
       and                                        )
                                             )
FAIRVIEW HEALTH SERVICES d/b/a                )
FAIRVIEW SOUTHDALE HOSPITAL                   )
6401 France Ave.                              )
S. Edina, MN 55435                            )
       and                                        )
                                             )
FAIRVIEW HEALTH SERVICES d/b/a UNIVERSITY     )
OF MINNESOTA MEDICAL CENTER, FAIRVIEW         )
2450 Riverside Avenue                         )
Minneapolis, MN 55454                         )
       and                                        )
                                             )
LEGACY EMANUEL HOSPITAL & HEALTH CENTER       )
2801 N. Gantenbein Avenue                     )
Portland, Oregon 97227                        )
       and                                        )
                                             )
LEGACY GOOD SAMARITAN HOSPITAL AND            )
MEDICAL CENTER                                )
1015 NW 22nd Avenue                      )
Portland, Oregon 97210                        )
       and                                        )

LEGACY MERIDIAN PARK HOSPITAL                       )
19300 SW 65th Avenue                      )
Tualatin, Oregon 97062                              )
                and    )
                        )
LEGACY MOUNT HOOD MEDICAL CENTER                    )
24800 SE Stark Street                               )
Gresham, Oregon 97030                               )
                and    )
                        )
ALBERT LEA MEDICAL CENTER – MAYO                    )
HEALTH SYSTEM                                       )
404 West Fountain Street                            )
Albert Lea, MN 56007                                )
                and    )
                        )
LUTHER MIDELFORT NORTHLAND f/d/b/a                  )
BARRON MEMORIAL MEDICAL CENTER                      )
1222 E. Woodland Ave.                               )
Barron, WI 54812                                    )
                and    )
                        )
FRANCISCAN SKEMP MEDICAL CENTER, INC.               )
700 West Avenue South                               )
La Crosse, WI 54602                                 )
                and    )
                        )
IMMANUEL ST. JOSEPH'S – MAYO HEALTH                 )
SYSTEM                                              )
1025 Marsh Street                                   )
Mankato, MN 56001                                   )
                and    )
                        )
LUTHER HOSPITAL                                     )
1221 Whipple Street                                 )
Eau Claire, WI 54702                                )
                and    )
                        )
MAYO CLINIC HOSPITAL                                )
5777 East Mayo Blvd.                                )
Phoenix, AZ 85054                                   )
                and    )

ROCHESTER METHODIST HOSPITAL                        )
201 West Center Street                              )
Rochester, MN 55902                                )
               and                        )
                                               )

ST. LUKE'S HOSPITAL                                )
4201 Belfort Road                                  )
Jacksonville, FL 32216                             )
               and                        )
                                               )

SAINT MARYS HOSPITAL                               )
1216 2nd Street SW                             )
Rochester, MN 55902                                )
               and                        )
                                               )

WASECA MEDICAL CENTER                              )
100 Fifth Avenue NW                                )
Waseca, MN 56093                                   )
               and                        )
                                               )

DOBBS FERRY HOSPITAL ASSOCIATION d/b/a             )
COMMUNITY HOSPITAL OF DOBBS FERRY                  )
128 Ashford Avenue                                 )
Dobbs Ferry, NY 10522                              )
               and                        )
                                               )

ST. JOHN'S RIVERSIDE HOSPITAL                      )
967 North Broadway                                 )
Yonkers, NY 10701                                  )
               and                        )
                                               )

YONKERS GENERAL HOSPITAL                           )
2 Park Avenue                                      )
Yonkers, NY 10703                                  )
               and                        )
                                               )

SOUTH BROWARD HOSPITAL DISTRICT d/b/a              )
MEMORIAL REGIONAL HOSPITAL OF HOLLYWOOD            )
3501 Johnson Street                                )
Hollywood, FL 33021                                )
               and                        )
                                               )

SOUTH BROWARD HOSPITAL DISTRICT d/b/a              )
MEMORIAL HOSPITAL PEMBROKE                         )
7800 Sheridan Street                               )
Pembroke Pines, FL 33024                           )

and                                    )
                                       )
AIKEN REGIONAL MEDICAL CENTERS, INC.   )
202 University Parkway                  )
Aiken, SC 29801                        )
                 and                   )
                                       )
VALLEY HEALTH SYSTEM, LLC d/b/a        )
DESERT SPRINGS HOSPITAL                )
2075 E. Flamingo Road                  )
Las Vegas, NV 80110                    )
                 and                   )
                                       )
DOCTORS HOSPITAL OF SHREVEPORT, INC.   )
f/d/b/a DOCTOR'S HOSPITAL OF SHREVEPORT )
1130 Louisiana Avenue                  )
Shreveport, LA 71101                   )
                 and                   )
                                       )
MCALLEN HOSPITALS, LP d/b/a            )
EDINBURG REGIONAL MEDICAL CENTER       )
1102 W. Trenton Road                   )
Edinburg, TX 78539                     )
                 and                   )
                                       )
DISTRICT HOSPITAL PARTNERS, LP d/b/a   )
GEORGE WASHINGTON UNIVERSITY HOSPITAL  )
900 23rd St., NW                       )
Washington, DC 20037                   )
                 and                   )
                                       )
UHS OF PUERTO RICO, INC. f/d/b/a       )
HOSPITAL SAN FRANCISCO                 )
Avenida de Diego#371                   )
Rio Piedras, PR 00923                  )
                 and                   )
                                       )
UHS OF PUERTO RICO, INC. f/d/b/a       )
HOSPITAL SAN PABLO                     )
Santa Cruz #70                         )
Bayamon, PR 00959                      )
                 and                   )

UHS OF PUERTO RICO, INC. f/d/b/a )
HOSPITAL SAN PABLO DEL ESTE )
Avenida General Valero #404 )
Fajardo, PR 00738 )
                and )
)
UNIVERSAL HEALTH SERVICES OF RANCHO )
SPRINGS, INC. d/b/a INLAND VALLEY REGIONAL )
MEDICAL CENTER )
36485 Inland Valley Dr. )
Wildomar, CA 92595 )
                and )
)
MANATEE MEMORIAL HOSPITAL, LP )
206 2nd St. East )
Bradenton, FL 34208 )
                and )
)
MCALLEN HOSPITALS, LP d/b/a )
MCALLEN MEDICAL CENTER )
301 W. Expressway 83 )
McAllen, TX 78503 )
                and )
)
SPARKS FAMILY HOSPITAL, INC. d/b/a )
NORTHERN NEVADA MEDICAL CENTER )
2375 East Prater Way )
Sparks, NV 89431 )
                and )
)
N.W. TEXAS HEALTHCARE SYSTEM, INC. )
1501 S. Coulter Avenue )
Amarillo, TX 79106 )
                and )
)
N.W. TEXAS SURGICAL HOSPITAL, LLC )
3501 Soncy Road )
Amarillo, TX 79119 )
                and )
)
)
UHS, INC. f/d/b/a RENAISSANCE WOMEN'S CENTER )
OF AUSTIN )
3003 Bee Cave Rd. )
Austin, TX 78746 )

and                                    )
                                       )
RENAISSANCE WOMEN'S CENTER OF EDMOND, LLC  )
f/d/b/a RENAISSANCE WOMEN'S CENTER OF EDMOND)
700 W. 15th Street           )
Edmond, OK 73013                        )
                    and                 )
                                       )
UHS OF NEW ORLEANS, INC. f/d/b/a        )
RIVER PARISHES HOSPITAL                 )
500 Rue de Sante                        )
La Place, Louisiana 70068               )
                    and                 )
                                       )
VALLEY HEALTH SYSTEM, LLC d/b/a         )
VALLEY HOSPITAL MEDICAL CENTER          )
620 Shadow Lane                         )
Las Vegas, NV 89106                     )
                    and                 )
                                       )
UPMC MCKEESPORT                         )
1500 Fifth Avenue                       )
McKeesport, PA 15132                    )
                    and                 )
                                       )
UPMC PRESBYTERIAN SHADYSIDE             )
f/d/b/a UPMC SHADYSIDE                  )
5230 Centre Avenue                      )
Pittsburgh, PA 15232        and         )
                                       )
UPMC PRESBYTERIAN SHADYSIDE             )
f/d/b//a UPMC PRESBYTERIAN              )
200 Lothrop Street                      )
Pittsburgh, PA 15213        and         )
                                       )
BRIDGEPORT HOSPITAL                     )
267 Grand Street                        )
Bridgeport, CT 06510                    )
                    and                 )
                                       )
GREENWICH HOSPITAL                      )
5 Perryridge Road                       )
Greenwich, CT 06830                     )
                    and                 )
                                       )

YALE-NEW HAVEN HOSPITAL      )
20 York Street      )
New Haven, CT 06519      )
      )
    Plaintiffs,      )
      )
    v.      )
      )
MICHAEL O. LEAVITT, Secretary      )
United States Department of Health and Human Services      )
200 Independence Avenue, S.W.      )
Washington, D.C. 20201,      )
      )
    Defendant.      )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND SUMS DUE UNDER THE MEDICARE ACT

1.      This action is brought by a group of hospitals seeking reimbursement from the federal Medicare program for the reasonable costs of outpatient hospital services they furnished to Medicare beneficiaries in 1999 and most of the year 2000. Defendant, the Secretary of the Department of Health and Human Services ("Secretary"), has refused to reimburse the plaintiff hospitals for Medicare's fair share of the reasonable costs of those services based on the application of certain payment limitations called the "blended payment rate." Congress, however, made the blended payment rate limits inapplicable to services furnished to Medicare beneficiaries on or after January 1, 1999. Moreover, the Secretary did not announce until after the fact – in April 2000 – that he intended to apply the blended payment rate limits to services furnished in 1999 and 2000, even after those limitations were terminated by law.

2.      The plaintiff hospitals, therefore, seek an order declaring the Secretary's application of the blended payment rate limits to services furnished after 1998 invalid and compelling the Secretary to reimburse the hospitals for the difference between the reasonable

costs they incurred in furnishing these services – as already determined by the Secretary through the Medicare cost reporting process prescribed by his own rules – and the lower blended payment rates that were actually paid to the hospitals for the outpatient services in question.  In addition, the hospitals seek interest on that sum as calculated in accordance with 42 U.S.C. § 1395oo(f).

## I.      <u>JURISDICTION AND VENUE</u>

3.      This action arises under the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*

4.      This Court has jurisdiction under 42 U.S.C. § 1395oo(f).

5.      Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f)(1).

## II.      <u>PARTIES</u>

A.      <u>Plaintiffs</u>

6.      Each of the plaintiff hospitals listed in paragraphs 7-24 below participated in a group appeal to the Provider Reimbursement Review Board ("PRRB" or "Board") challenging the application of the blended payment rate limits to services furnished to Medicare outpatients on or after January 1, 1999.  In each administrative appeal listed below, the PRRB granted the hospitals' petitions for expedited judicial review ("EJR") of this issue pursuant to 42 U.S.C. § 1395oo(f).  Pursuant to those decisions by the PRRB, the plaintiff hospitals bring this action for judicial review of the Secretary's application of the blended payment rate limits to services furnished during fiscal periods listed below.

i.    PRRB Case Number 06-2041G

7.    By letter dated October 19, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2041G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

8.    The plaintiff hospitals that participated in PRRB case number 06-2041G and that join in this action for the fiscal years indicated below are:

a)    Baptist Memorial Hospital – Mississippi County, Inc. d/b/a Baptist Memorial Hospital – Blytheville, Medicare Provider Number 04-0069, for fiscal years ending September 30, 1999 and September 30, 2000; and

b)    Baptist Memorial Hospital – Booneville, Inc., Medicare Provider Number 25-0044, for fiscal year ending September 30, 2000; and

c)    Baptist Memorial Hospital d/b/a Baptist Memorial Hospital – Collierville, Medicare Provider Number 44-0217, for fiscal year ending September 30, 2000; and

d)    Baptist Memorial Hospital – DeSoto, Inc., Medicare Provider Number 25-0141, for fiscal years ending September 30, 1999 and September 30, 2000; and

e)    Baptist Memorial Hospital – Forrest City, Inc., Medicare Provider Number 04-0019; for fiscal years ending September 30, 1999 and September 30, 2000; and

f)    Baptist Memorial Regional Rehabilitation Services, Inc., Medicare Provider Number 44-0147, for fiscal year ending September 30, 2000; ;and

g)    Baptist Memorial Hospital - Golden Triangle, Inc., Medicare Provider Number 25-0100, for fiscal years ending September 30, 1999 and September 30, 2000; and

h)    Baptist Memorial Hospital – Huntingdon, Medicare Provider Number 44-0016, for fiscal year ending September 30, 2000; and

11

i) Baptist Memorial Hospital – Lauderdale, Medicare Provider Number 44-0114, for fiscal years ending September 30, 1999 and September 30, 2000; and

j) Baptist Memorial Hospital d/b/a Baptist Memorial Hospital – Memphis, Medicare Provider Number 44-0048, for fiscal years ending September 30, 1999 and September 30, 2000; and

k) Baptist Memorial Hospital – North Mississippi, Inc., Medicare Provider Number 25-0034, for fiscal years ending September 30, 1999 and September 30, 2000; and

l) Baptist Memorial Hospital – Mississippi County, Inc. d/b/a Baptist Memorial Hospital-Osceola, Medicare Provider Number 04-0070, for fiscal years ending September 30, 1999 and September 30, 2000; and

m) Baptist Memorial Hospital – Tipton, Medicare Provider Number 44-0131, for fiscal years ending September 30, 1999 and September 30, 2000; and

n) Baptist Memorial Hospital – Union City, Medicare Provider Number 44-0130, for fiscal years ending September 30, 1999 and September 30, 2000; and

o) Baptist Memorial Hospital – Union County, Inc., Medicare Provider Number 25-0006, for fiscal years ending September 30, 1999 and September 30, 2000.

ii. <u>PRRB Case Number 06-2043G</u>

9. By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2043G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

10. The plaintiff hospitals that participated in PRRB case number 06-2043G and that join in this action for the fiscal years indicated below are:

     a)     Fairview Health Services d/b/a Fairview Lakes Medical Center; Medicare Provider Number 24-0050, for fiscal years ending December 31, 1999 and December 31, 2000; and

     b)     Fairview Health Services d/b/a Fairview Northland Medical Center; Medicare Provider Number 24-0141, for fiscal years ending December 31, 1999 and December 31, 2000; and

     c)     Fairview Red Wing Health Services d/b/a Fairview Red Wing Medical Center; Medicare Provider Number 24-0018, for fiscal year ending December 31, 2000; and

     d)     Fairview Health Services d/b/a Fairview Ridges Hospital; Medicare Provider Number 24-0207, for fiscal years ending December 31, 1999 and December 31, 2000; and

     e)     Fairview Health Services d/b/a Fairview Southdale Hospital, Medicare Provider Number 24-0078, for fiscal years ending December 31, 1999 and December 31, 2000; and

     f)     Fairview Health Services d/b/a University of Minnesota Medical Center, Fairview, Medicare Provider Number 24-0080, for fiscal years ended December 31, 1999 and December 31, 2000.

     iii.    <u>PRRB Case Number 06-2046G</u>

11.    By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2046G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

12.    The plaintiff hospitals that participated in PRRB case number 06-2046G and that join in this action for the fiscal years indicated below are:

a)    Legacy Emanuel Hospital & Health Center, Medicare Provider Number 38-0007, for fiscal year ended March 31, 2001; and

b)    Legacy Good Samaritan Hospital and Medical Center, Medicare Provider Number 38-0017, for fiscal year ended March 31, 2001; and

c)    Legacy Meridian Park Hospital, Medicare Provider Number 38-0089, for fiscal years ending March 31, 2000 and March 31, 2001; and

d)    Legacy Mount Hood Medical Center; Medicare Provider Number 38-0025, for fiscal year ending March 31, 2001.

iv.    PRRB Case Number 06-2047G

13.    By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2047G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

14.    The plaintiff hospitals that participated in PRRB case number 06-2047G and that join in this action for the fiscal years indicated below are:

a)    Albert Lea Medical Center – Mayo Health System; Medicare Provider Number 24-0043; for fiscal year ending December 31, 2000; and

b)    Luther Midelfort Northland f/d/b/a Barron Memorial Medical Center, Medicare Provider Number 52-0124, for fiscal year ending December 31, 2000; and

c)    Franciscan Skemp Medical Center, Inc.; Medicare Provider Number 52-0004, for fiscal year ending December 31, 2000; and

14

   d)  Immanuel St. Joseph's – Mayo Health System, Medicare Provider Number 24-0093, for years ending December 31, 1999 and December 31, 2000; and

   e)  Luther Hospital, Medicare Provider Number 52-0070, for fiscal year ending December 31, 2000; and

   f)  Mayo Clinic Hospital, Medicare Provider Number 03-0103, for fiscal years ending December 31, 1999 and December 31, 2000; and

   g)  Rochester Methodist Hospital, Medicare Provider Number 24-0061, for fiscal year ending December 31, 2000; and

   h)  St. Luke's Hospital, Medicare Provider Number 10-0151, for fiscal year ending December 31, 2000; and

   i)  Saint Mary's Hospital, Medicare Provider Number 24-0010, for fiscal year ending December 31, 2000; and

   j)  Waseca Medical Center, Medicare Provider Number 24-0146, for fiscal year ending December 31, 2000.

   v.  <u>PRRB Case Number 06-2050G</u>

  15.  By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2050G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

  16.  The plaintiff hospitals that participated in PRRB case number 06-2050G and that join in this action for the fiscal years indicated below are:

   a)  Dobbs Ferry Hospital Association d/b/a Community Hospital Dobbs Ferry, Medicare Provider Number 33-0036, for fiscal year ending December 31, 2000; and

b)     St. John's Riverside Hospital, Medicare Provider Number 33-0208, for

fiscal year ending December 31, 2000; and

c)     Yonkers General Hospital, Medicare Provider Number 33-0122, for fiscal

year ending December 31, 2000.

vi.    <u>PRRB Case Number 06-2052G</u>

17.    By letter dated October 5, 2007, received by the representative for plaintiff

hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned

PRRB case number 06-2052G, challenging the application of the blended payment rate limits to

services furnished on or after January 1, 1999.

18.    The plaintiff hospitals that participated in PRRB case number 06-2052G and that

join in this action for the fiscal years indicated below are:

a)     South Broward Hospital District d/b/a Memorial Regional Hospital of

Hollywood, Medicare provider number 10-0038, for fiscal years ending April 30, 2000 and April

30, 2001; and

b)     South Broward Hospital District d/b/a Memorial Hospital Pembroke,

Medicare Provider Number 10-0230, for fiscal years ending April 30, 2000 and April 30, 2001.

vii.    <u>PRRB Case Number 06-2054G</u>

19.    By letter dated October 5, 2007, received by the representative for plaintiff

hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned

PRRB case number 06-2054G, challenging the application of the blended payment rate limits to

services furnished on or after January 1, 1999.

20.    The plaintiff hospitals that participated in PRRB case number 06-2054G and that

join in this action for the fiscal years indicated below are:

a)    Aiken Regional Medical Centers, Inc., Medicare Provider Number 42-0082, for fiscal years ending December 31, 2000; and

b)    Valley Health System, LLC d/b/a Desert Springs Hospital, Medicare Provider Number 29-0022; for fiscal year ending December 31, 2000; and

c)    Doctor's Hospital of Shreveport, Inc. f/d/b/a Doctor's Hospital of Shreveport; Medicare Provider Number 19-0115, for fiscal year ending December 31, 2000; and

d)    McAllen Hospitals, LP d/b/a Edinburg Regional Medical Center; Medicare Provider Number 45-0119, for fiscal year ending December 31, 2000; and

e)    District Hospital Partners, LP d/b/a George Washington University Hospital; Medicare Provider Number 09-0001; for fiscal years ending December 31, 1999 and December 31, 2000; and

f)    UHS of Puerto Rico, Inc. f/d/b/a Hospital San Francisco, Medicare Provider Number 40-0098, for fiscal year ending December 31, 2000; and

g)    UHS of Puerto Rico, Inc. f/d/b/a Hospital San Pablo; Medicare Provider Number 40-0190, for fiscal years ending December 31, 1999 and December 31, 2000; and

h)    UHS of Puerto Rico, Inc. f/d/b/a Hospital San Pablo del Este; Medicare Provider Number 40-0125, for fiscal year ending December 31, 2000; and

i)    Universal Health Services of Rancho Springs, Inc. d/b/a Inland Valley Regional Medical Center, Medicare Provider Number 05-0630, for fiscal year ending December 31, 2000; and

j)    Manatee Memorial Hospital, LP; Medicare Provider Number 10-0035, for fiscal year ending December 31, 2000; and

k)      McAllen Hospitals, LP d/b/a McAllen Medical Center; Medicare Provider Number, 45-0016, for fiscal year ending December 31, 2000; and

l)      Sparks Family Hospital, Inc. d/b/a Northwest Nevada Medical Center; Medicare Provider Number 29-0032; for fiscal year ending December 31, 2000; and

m)      N.W. Texas Healthcare System, Inc., Medicare Provider Number 45-0209, for fiscal year ending December 31, 2000; and

n)      N.W. Texas Surgical Hospital, LLC, Medicare Provider Number 45-0796, for fiscal years ending December 31, 1999 and December 31, 2000; and

o)      UHS, Inc. f/d/b/a Renaissance Women's Center of Austin, Medicare Provider Number 45-0817, for fiscal years ending December 31, 1999 and February 4, 2001; and

p)      Renaissance Women's Center of Edmond, LLC f/d/b/a Renaissance Women's Center of Edmond; Medicare Provider Number 37-0196, for fiscal year ending December 31, 1999; and

q)      UHS of New Orleans, Inc. f/d/b/a River Parishes Hospital, Medicare Provider Number 19-0175, for fiscal year ending December 31, 2000; and

r)      Valley Health System, LLC d/b/a Valley Hospital Medical Center; Medicare Provider Number 29-0021, for fiscal year ending December 31, 2000.

viii.    PRRB Case Number 06-2055G

21.      By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2055G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

22.     The plaintiff hospitals that participated in PRRB case number 06-2055G and that join in this action for the fiscal years indicated below are:

a)      UPMC McKeesport, Medicare Provider Number 39-0002, for fiscal years ending June 30, 1999, June 30, 2000 and June 30, 2001; and

b)      UPMC Presbyterian Shadyside f/d/b/a UPMC Shadyside, Medicare Provider Number 39-0055, for fiscal years ending June 30, 1999, June 30, 2000 and June 30, 2001;

c)      UPMC Presbyterian Shadyside f/d/b/a UPMC Presbyterian, Medicare Provider Number 39-0164, for fiscal years ending June 30, 1999, June 30, 2000 and June 30, 2001.

ix.     PRRB Case Number 06-2056G

23.     By letter dated October 5, 2007, received by the representative for plaintiff hospitals on October 10, 2007, the PRRB granted a petition for EJR in a group appeal, assigned PRRB case number 06-2056G, challenging the application of the blended payment rate limits to services furnished on or after January 1, 1999.

24.     The plaintiff hospitals that participated in PRRB case number 06-2056G and that join in this action for the fiscal years indicated below are:

a)      Bridgeport Hospital, Medicare Provider Number 07-0010, for fiscal years ending September 30, 1999 and September 30, 2000; and

b)      Greenwich Hospital, Medicare Provider Number 07-0018, for fiscal year ending September 30, 2000; and

c)      Yale-New Haven Hospital, Medicare Provider Number 07-0022, for fiscal years ending September 30, 1999 and September 30, 2000.

**B.**    **Defendant**

25.    Defendant Michael O. Leavitt ("the Secretary") is the Secretary of the United

States Department of Health and Human Services ("HHS"), the federal agency that administers

the Medicare program.  References to the Secretary herein are meant to refer to him, his

subordinate agencies and officials, and to his official predecessors or successors as the context

requires.

26.    The Centers for Medicare and Medicaid Services ("CMS") is a component of

HHS.  CMS was formerly known as the Health Care Financing Administration ("HCFA").  CMS

is responsible for day-to-day operation and administration of the Medicare program.

### III. STATUTORY AND REGULATORY BACKGROUND

**A.**    **Overview of the Medicare Program and Medicare Part B**

27.    Congress enacted the Medicare program in 1965 to establish health insurance for

the aged and disabled.  Social Security Amendments of 1965, Pub. L. No. 89-97, § 102(a).

28.    Since its inception in 1965, the Medicare program has encompassed two separate

insurance programs that are established in Parts A and B of Title XVIII of the Social Security

Act (the "Act").

29.    Part A of Title XVIII of the Act, 42 U.S.C. §§ 1395c -1395i-5, covers hospital

services furnished to inpatients.  See 42 U.S.C. § 1395d(a)(1).

30.    Part B of Title XVIII of the Act, 42 U.S.C. §§ 1395j-1395w-4, covers hospital

outpatient services.

31.    Under the health insurance programs established in Parts A and B, an eligible

Medicare beneficiary is entitled to have payment made on his or her behalf for, *inter alia,*

inpatient and outpatient hospital services provided to him or her by a hospital participating in the Medicare program as a provider of services. See 42 U.S.C. §§ 1395d(a)(1).

32.    The Secretary, through fiscal intermediaries under contracts, makes payment directly to participating providers for covered services furnished to Medicare beneficiaries. See 42 U.S.C. §§ 1395h, 1395kk-l.

33.    The issue in this case concerns the payments owed to the plaintiff hospitals for outpatient hospital services covered under Part B.

34.    Section 1832 of the Act, 42 U.S.C. § 1395k, specifies the items and services that are covered under Medicare Part B.

35.    Section 1833 of the Act, 42 U.S.C. § 1395*l* specifies the amount of Medicare payment for items and services that are covered under Medicare Part B.

**B.    Medicare Reasonable Cost Reimbursement for Hospital Outpatient Services**

36.    At the inception of the Medicare program in 1965, hospitals were reimbursed for the reasonable costs of all covered services they furnished to Medicare beneficiaries, including both inpatient services covered under Part A of Title XVIII of the Act and outpatient services covered under Part B of Title XVIII of the Act. See Social Security Amendments of 1965, Pub. L. No. 89-97, § 102(a), enacting Social Security Act §§ 1814(b) and 1833(b)(2)(A), codified at 42 U.S.C. §§ 1395f(b) and 1395*l*(b)(2)(A).

37.    The reasonable cost reimbursement system remains the general rule governing Medicare payment for services furnished by hospitals, except where Congress has expressly authorized payment on some other basis:

> Medicare is generally required, under section 1814(b) of the Act (for services covered under Part A) and under section 1833(a)(2) of the Act (for services covered under Part B) to pay for services furnished by providers on the basis of reasonable costs as defined

> in section 1861(v) of the Act, or the provider's customary charges
> for those services, if lower. Regulations implementing section
> 1861(v) are found generally in this part beginning at § 413.5.

42 C.F.R. § 413.1(b).

38.     The term "reasonable cost" is defined in Section 1861(v) of the Act, 42 U.S.C.

§ 1395x(v).

39.     The intent of the statutory provision for payment of "reasonable cost," as defined

in Section 1861(v) of the Act, is to meet the actual cost incurred in the efficient delivery of

necessary health services. 42 U.S.C. § 1395x(v)(1)(A). See also 42 C.F.R. §§ 413.5(a),

413.53(a).

40.     The statutory definition of "reasonable cost" directs the Secretary to ensure that

the methods of determining reasonable cost do not shift the costs of services furnished to

Medicare beneficiaries to other patients (and *vice-versa*). 42 U.S.C. § 1395x(v)(1)(A) (last

sentence). See also 42 C.F.R. § 413.9(b)(1). This provision is referred to as the prohibition on

cross-subsidization. See, e.g., The Kidney Center of Hollywood v. Shalala, 133 F.3d 78, 82

(D.C. 1998).

41.     In the absence of an express statutory provision for payment of some amount less

than reasonable cost, courts have consistently enforced the statutory prohibition on cross-

subsidization in overturning Medicare payment policies that deny payment to health care

providers for the reasonable costs of services furnished to Medicare patients. See e.g., St. Mary

of Nazareth Hospital Center. v. Heckler, 760 F.2d 1311, 1315 (D.C. Cir. 1985).

42.     The statute's definition of "reasonable cost" contains a number of express

limitations on the amounts considered reasonable.

43.    For example, during the period at issue, the statute's definition of "reasonable cost" included a 10% and a 5.8% cost reduction factor for the capital-related costs and operating costs, respectively, of hospital outpatient services.  42 U.S.C. § 1395x(v)(1)(S)(ii).

44.    Congress twice extended the 10% and 5.8% cost reduction factors (in 1997 and 1999) to remain in effect throughout calendar year 1999 and up to implementation of a prospective payment system for hospital outpatient services on August 1, 2000.  See Balanced Budget Act of 1997, Pub. L. No. 105-33 ("BBA") § 4522 and Balanced Budget Refinement Act of 1999, Pub. L. No. 106-113 ("BBRA") § 201(k) (amending 42 U.S.C. § 1395x(v)(1)(S)(ii)(I)-(II)).

C.    **The Blended Payment Rate Limits for Certain Hospital Outpatient Services**

45.    Since 1965, Congress has amended the Part B payment provision in Section 1833 of the Act, 42 U.S.C. § 1395*l*, several times to authorize payment of less than the reasonable cost (as defined in the statute) of certain hospital outpatient services.

46.    Beginning in 1986, Congress enacted a series of amendments to payment provision in Section 1833 of the Act, 42 U.S.C. § 1395*l*, to limit payment for the three specific types of hospital outpatient services at issue in this case:  ambulatory surgical center ("ASC") services, outpatient radiology services and other outpatient diagnostic procedures.  See Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509 ("OBRA '86") § 9343(a) (amending § 1833 of the Act to establish a blended payment rate limit for hospital ASC services); Omnibus Budget Reconciliation Act of 1987, P.L. 100-203 ("OBRA '87") § 4066 (amending § 1833 of the Act to establish blended payment rate limits for outpatient radiology services and certain other diagnostic procedures).

47.    As amended, the statute provided for payment of the lower of a hospital's customary charges, its reasonable costs, or blended payment rates established for each of these three types of hospital outpatient service. See 42 U.S.C. §§ 1395(i)(3)(A), 1395(n)(1)(A).

48.    The blended payment rates consisted of a portion of a hospital's reasonable cost and a portion of a standard fee schedule amount which is not based on a hospital's own cost of services furnished. See 42 U.S.C. §§ 1395l(i)(3)(B), 1395l(n)(1)(B).

49.    Regulations governing the blended payment rate limits are set forth at 42 C.F.R. §§ 413.118 and 413.122.

**D.    The Prospective Payment System for Hospital Outpatient Services and Congressional Termination of the Blended Payment Rates**

50.    Section 4523(a) of the BBA amended Section 1833 of the Act by adding a new subsection (t), 42 U.S.C. § 1395l(t) which required the Secretary to implement a prospective payment system for hospital outpatient services designated by the Secretary, beginning with services furnished in 1999. BBA § 4523(a).

51.    Section 4522 of the BBA also extended the 10% and 5.8% cost reduction factors in the statutory definition of reasonable cost "through 1999 and during fiscal year 2000 before January 1, 2000."

52.    Section 4523(d) of the BBA made additional conforming amendments to Section 1833 of the Act, terminating all other payment limits for hospital outpatient services, including the blended payment rate limits, effective January 1, 1999.

53.    Although the statutory authority for the blended payment rate limits was terminated as of December 31, 1998, the regulations governing the blended payment rate limits, at 42 C.F.R. §§ 413.118 and 413.122, remain in the Code of Federal Regulations.

54.    In 1998, the Secretary published notice of a proposed rule to implement the prospective payment system for hospital outpatient services. 63 Fed. Reg. 47552 (Sept. 8, 1998).

55.    In the preamble to the 1998 proposed rule, the Secretary gave notice that CMS would not implement the prospective payment system for hospital outpatient services before calendar year 2000.  63 Fed. Reg. 47552, 47554.

56.    In the preamble to the 1998 proposed rule, the Secretary acknowledged that Congress had extended the 10% and 5.8% cost reduction factors for capital-related costs and operating costs of hospital outpatient services, 63 Fed. Reg. 47554-55, but the Secretary did not address how CMS intended to pay for hospital outpatient services furnished on or after January 1, 1999 and before implementation of the prospective payment system for hospital outpatient services.

57.    Soon after the Secretary published notice of the 1998 proposed rule, Congress further extended the 10% and 5.8% reasonable cost reduction factors beyond 1999.  BBRA § 201(k) (amending 42 U.S.C. § 1395x(v)(1)(S)(ii)(I)-(II)).

58.    As amended by the BBRA, the 5.8% and 10% cost reduction factors in the statute's definition of the reasonable cost of hospital outpatient services continued in effect with respect to the capital-related and operating costs of hospital outpatient services "until the first date that the prospective payment system under section 1833(t) is implemented."  BBRA § 201(k) (amending 42 U.S.C. § 1395x(v)(1)(S)(ii)(I)-(II)).

59.    In April 2000, the Secretary published a final rule implementing the prospective payment system for hospital outpatient services.  65 Fed. Reg. 18434 (Apr. 7, 2000).

60.    In the preamble to the April 2000 rule, the Secretary indicated that the blended payment rate limits would be applied to reimburse hospitals for the costs of ASC services,

outpatient radiology and other outpatient diagnostic procedures furnished from January 1, 1999 through the later effective date of the outpatient prospective payment system. 65 Fed. Reg. 18489-90.

61.    In June 2000, the Secretary published a rule making the outpatient prospective payment system effective on August 1, 2000. 65 Fed. Reg. 40535, 40535 (June 30, 2000).

**E.    Medicare Cost Report and Appeals Process**

62.    Medicare payments to hospitals are determined by fiscal intermediaries, private firms (usually insurance companies) that contract with the Secretary.

63.    After the close of each fiscal year, a hospital submits a cost report to a fiscal intermediary to identify the hospital's reasonable costs and the portion of those costs that are allocable to Medicare patients for that fiscal year, referred to as the cost reporting period. See In re Medicare Reimbursement Litigation, Baystate Health System v. Thompson, 309 F. Supp.2d 89, 92 (D.D.C. 2004); 42 C.F.R. § 413.20(b). The intermediary analyzes the cost report and issues a Notice of Program Reimbursement, or "NPR," that informs the hospital of the intermediary's final determination of the hospital's Medicare reimbursement for the cost reporting period. Baystate Health System, 305 F.Supp.2d at 92; see also 42 C.F.R. § 405.1803.

64.    A hospital may appeal to the PRRB if the hospital is dissatisfied with an intermediary's determination in an NPR as to the amount of Medicare payment due the hospital for a cost reporting period. 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835.

65.    The PRRB is an administrative tribunal comprised of five members appointed by the Secretary. 42 U.S.C. § 1395oo(h). The PRRB must comply with "all provisions of title XVIII of the Act" and the Secretary's "regulations issued thereunder." 42 C.F.R. § 405.1867.

66.     Under the statute governing appeals to the PRRB, a hospital may obtain expedited judicial review of any action that involves a question of law or regulations relevant to the matters in controversy whenever the Board determines . . . that it is without authority to decide the question." 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877.

67.     The statute provides that for judicial review shall be "pursuant to the applicable provisions under" the Administrative Procedure Act ("APA").  42 U.S.C. § 1395oo(f)(1).

68.     The applicable provisions under the APA provide that the reviewing court may set aside agency action that exceeds an agency's statutory authority, is contrary to law, arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.  5 U.S.C. § 706.

## IV.  FACTS SPECIFIC TO THIS CASE

69.     Each of the plaintiff hospitals participated in the Medicare program as a provider of hospital services during the period at issue.

70.     Each of the plaintiff hospitals' Medicare cost reporting periods at issue included a portion of the period beginning on January 1, 1999, when the blended payment rate limits were terminated, and ending before August 1, 2000, when the outpatient prospective payment system became effective.

71.     For each of the cost reporting periods at issue, the respective plaintiff hospital filed a cost report with its Medicare fiscal intermediary after the end of the cost reporting period.

72.     Each of the cost reports submitted by the plaintiff hospitals for the cost reporting periods at issue identified the reasonable cost of outpatient hospital services furnished to Medicare beneficiaries and the blended payment rate limits applicable to some of those services.

27

73.     For each of the cost reporting periods at issue, the hospital's Medicare fiscal intermediary issued a final payment determination in an NPR, and each of those NPRs was issued one to two years, or more, after the hospital filed its cost report.

74.     For each of the hospital cost reporting periods at issue, the fiscal intermediary's final payment determination in the NPR applied the blended payment rate limits to deny the hospital reimbursement for the reasonable costs of outpatient services that exceeded those limits.

75.     For each of the hospital cost reporting periods at issue, the plaintiff hospital appealed the fiscal intermediary's application of the blended payment rate limits to deny reimbursement for the full reasonable cost of outpatient services furnished to Medicare patients to the PRRB.

76.     For each of the hospital cost reporting periods at issue, the PRRB granted a request for expedited judicial review of the application of the blended payment rate limits to the cost reporting periods, or portions of cost reporting periods, beginning on or after January 1, 1999 and ending before August 1, 2000.

## V. ASSIGNMENT OF ERRORS

77.     The Secretary's application of the blended payment rate limits to deny reimbursement for the plaintiff hospitals' full reasonable costs of services furnished to Medicare outpatients on or after January 1, 1999 and before August 1, 2000, should be set aside pursuant to 5 U.S.C. § 706 because it exceeds the Secretary's statutory authority, and it is contrary to law, arbitrary, capricious, unsupported by substantial evidence, and otherwise not in accordance with law:

A.     The Secretary's application of the blended payment rate limits to determine Medicare reimbursement for services furnished to Medicare outpatients during the

period at issue violates Congress's statutory command in BBA Section 4523(d) that the blended payment rate limits shall not apply to services furnished after 1998.

        B.     Congressional intent as expressed in the plain text of BBA Section 4523(d) trumps the Secretary's perception of congressional purpose in connection with the Secretary's delay in implementing the prospective payment system for hospital outpatient services. *See* Natural Resources Defense Council v. U.S. Environmental Protection Agency, 805 F.2d 410 (D.C. Cir. 1986).

        C.     When an agency determines that a statute cannot be implemented as drafted, the agency "may deviate no further from the statute than is needed to protect congressional intent." Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1068 (D.C. Cir. 1998).

        D.     Congress clearly intended to terminate the blended payment rate limits effective January 1, 1999, but to continue Medicare coverage for hospital outpatient services furnished after that date and to ensure that Medicare pays its fair share for those services, without cross-subsidization.

        E.     Congress twice amended the Medicare Act in order to extend the 5.8% and 10% cost reduction factors in the statutory definition of the reasonable cost of hospital outpatient services through the effective date of the Secretary's delayed implementation of the outpatient prospective payment system.

        F.     The Secretary's application of the blended payment rates to hospital outpatient services furnished after 1998 and before these services were "designated" by the Secretary for payment under the outpatient prospective payment system is arbitrary and capricious because it is inconsistent with the agency's treatment of other services that were not

29

designated for payment under the new system.  The Secretary continues to reimburse hospitals on a reasonable cost basis for hospital outpatient services that are not designated for payment under the outpatient prospective payment system and has not explained why the services at issue here should be treated differently.  The agency's inconsistent treatment of the services at issue, without rational explanation, is arbitrary and capricious.  Transactive Corp. v. United States, 91 F.3d 232, 237 (D.C. Cir. 1996).

G.      The Secretary's application of the blended payment rate limits to the services at issue violates the plaintiff hospitals due process rights because the Secretary did not give the hospitals fair notice in advance as to how they would be reimbursed for the services furnished to Medicare outpatients from January 1, 1999 through July 30, 2000.  See GranCare, Inc. v. Shalala, 93 F.Supp.2d 24, 31-32 (D.D.C. 2000).

H.      The application of the final rule published in the Federal Register on April 7, 2000, 65 Fed. Reg. 18434, 18489-90, to deny reimbursement for the reasonable cost of services previously furnished to Medicare outpatients constitutes the impermissible, retroactive application of a rule and is contrary to law.  Bowen v. Georgetown University Hospital, 488 U.S. 204 (1988).

## VI. CLAIM FOR RELIEF

78.      The Hospitals request an Order:

A.      declaring invalid the Secretary's application of the blended payment rate limits and his denial of Medicare reimbursement for the plaintiff hospitals' full reasonable costs of services furnished to Medicare outpatients on or after January 1, 1999 and before August 1, 2000;

B.      requiring the Secretary promptly to reimburse the plaintiff hospitals for the full amount of their reasonable costs of services furnished to Medicare outpatients on or after January 1, 1999 and before August 1, 2000, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2);

C.      requiring the Secretary to pay legal fees and costs of suit incurred by the plaintiff hospitals; and

D.      providing such other relief as the Court may consider appropriate.

Respectfully Submitted,

Christopher L. Crosswhite
D.C. Bar No. 450927
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006-1608
(202) 776-7846 (phone)
(202) 776-7801 (fax)

Joanne B. Erde, P.A.
DUANE MORRIS LLP
200 S. Biscayne Boulevard
Suite 3400
Miami, FL  33131
(305) 960-2218

Attorneys for Plaintiffs

Date:  December 6, 2007

DM2\1316901.2

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Baptist Memorial Hospital - Mississippi County, Inc., et al. | Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Mississippi
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Duane Morris, LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006-1608
202.776.7800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/Malpractice* | ◉ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☒ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. sec. 1395oo(f); action for judicial review under the Medicare Act

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐  NO ☒ |

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  December 6, 2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.