**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL-<br>MISSISSIPPI COUNTY, et al., )<br>        Plaintiffs, )<br><br>        v. )<br><br>MICHAEL O. LEAVITT, Secretary, United )<br>States Department of Health and Human )<br>Services, )<br>        Defendant. ) | Civil Action No. 1:07-CV-02197 (RMU) |

**ANSWER**

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services ("HHS"), hereby answers the amended complaint in the above-captioned matter.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The plaintiffs failed to exhaust administrative remedies and waived the opportunity to raise this challenge in Court by failing to raise these issues during the notice and comment period. *See Natural Resources Defense Council, Inc. v. EPA*, 25 F.3d 1063, 1074 (D.C. Cir. 1994).

**THIRD DEFENSE**

Using the same numbering as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:

1.        Admits that plaintiffs are hospitals that participate in the Medicare program and provided outpatient hospital services in some portion of the named years.  Denies the second

sentence. The third and fourth sentences contain conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies, and refers the Court to the relevant statutory provision, 42 U.S.C. § 1395l. The balance of this paragraph contains plaintiffs' characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

2.      This paragraph contains plaintiffs' characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

**Jurisdiction and Venue**

3-5.    These paragraphs contain characterizations of this action and conclusions of law regarding jurisdiction and venue, rather than averments of fact to which a response is required; to the extent a response is deemed necessary, denies.

**Parties**

6.    Admits that plaintiff hospitals participated in administrative appeals before the Provider Reimbursement Review Board (PRRB), that the PRRB granted expedited judicial review in the administrative appeals, and the existence of 42 U.S.C. § 1395oo(f). The balance of this paragraph contains conclusions of law and plaintiffs' characterizations of the administrative appeals and this action, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

7.    Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* Certified Administrative Record ("A.R.") 2084-89. The balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative

appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

8.  Admits.

9.  Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 1823-26.  Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

10.  Admits.

11.  Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 1613-15.  Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

12.  Admits.

13.  Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 1256-59.  Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letters and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

14. Admits.

15. Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 1132-34. Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

16. Admits.

17. Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 969-71. Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

18. Admits.

19. Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. *See* A.R. 613-17; *see also* 607-12. Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

20. Admits, except to deny subparagraph (g) and to aver that the Medicare provider number for Hospital San Pablo is 40-0109.

21.  Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents.  *See* A.R. 224-27.  Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

22.  Admits.

23.  Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents.  *See* A.R. 1-3.  Defendant lacks knowledge or information sufficient to confirm or deny the date on which plaintiffs' representative received the cited letter; the balance of this paragraph contains plaintiffs' characterizations of the letter and an administrative appeal, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

24.  Admits.

25.  Admits the first sentence.  The second sentence contains plaintiffs' characterization of the complaint, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

26.  Admits.

**Statutory and Regulatory Background.**

27-32.  Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. § 1395c *et seq*.  The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

33.     This paragraph contains plaintiffs' characterization of this action, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

34-35.  Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. §§ 1395k, l.  The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

36.     Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. §§ 1395f, l.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

37.     Admits the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 C.F.R. § 413.1.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

38-40.  Admits the existence of the cited statutory and regulatory provisions, as well as the cited judicial opinion, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. § 1395x(v); 42 C.F.R. pt. 413; *The Kidney Center of Hollywood v. Shalala*, 133 F.3d 78, 82 (D.C. Cir. 1998).  The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

41.     Admits the existence of the cited judicial opinion, to which the Court is referred for a full and accurate statement of its contents.  *See St. Mary of Nazareth Hospital Center v.*

*Heckler*, 760 F.2d 1311 (D.C. Cir. 1985). The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

42-44. Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. *See* Pub. L. No. 105-33 § 4522, Pub. L. No. 106-113 § 201(k); 42 U.S.C. § 1395x(v). The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

45-46. Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. *See* Pub. L. No. 99-509 § 9343; Pub. L. No. 100-203 § 4066; 42 U.S.C. §§ 1395l. The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies..

47. Defendant avers that the complaint incorrectly cites the relevant statutory provisions, to which the Court is referred for a full and accurate statement of their contents. *See* 42 U.S.C. §§ 1395l(i), (n). The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

48-49. Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. *See* 42 U.S.C. §§ 1395l(i), (n); 42 C.F.R. §§ 413.118, 413.122. The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

50-52.  Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* Pub. L. No. 105-33 § 4522 *et seq*. The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

53.     Admits the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 C.F.R. §§ 413.118, 413.122. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies that statutory authority for what plaintiff calls "the blended payment rates" was terminated.

54-55.  Admits the existence of the cited proposed rule, though Defendant refers the court to the cited rule for a full and accurate statement of its contents.  *See* 63 Fed. Reg. 47552 (Sept. 8, 1998).

56.     Admits the first phrase, though the court is referred to the cited rule for a full and accurate statement of its contents; the second phrase is ambiguous and is denied insofar as it suggests that the rule did not discuss how payment would be handled prior to promulgation of the new rule.  *See* 63 Fed. Reg. at 47605-47606.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

57-58.  Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* Pub. L. No. 106-113 § 201(k). The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

59-61. Admits the existence of the cited regulatory provisions, to which the Court is

referred for a full and accurate statement of their contents. *See* 65 Fed. Reg. 18434 (Apr. 7, 2000); 65 Fed Reg. 40535 (June 30, 2000). The balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

62-67. These paragraphs contain plaintiffs' characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies. Defendant admits the existence of the cited statutory and regulatory provisions, as well as the cited judicial opinion, to which the Court is referred for a full and accurate statement of their contents. *See* 42 U.S.C. § 1395oo; 42 C.F.R. pt. 405 & § 413.20; *In re Medicare Reimbursement Litigation, Baystate Health System v. Thompson*, 309 F. Supp. 2d 89 (D.D.C. 2004).

68. Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. *See* 5 U.S.C. § 706. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

**Facts Specific to this Case**.

69. Admits.

70. Admits that the cost reporting periods at issue in this case included a portion of the period beginning on January 1, 1999 and ending before August 1, 2000. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

71. Admits.

72. Admits that plaintiffs filed cost reports reflecting their claimed costs and blended

rates related to some outpatient services.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

73.    Admits that, for each of the cost reporting periods at issue, the respective hospital's respective fiscal intermediary issued an NPR and that each of the NPRs was issued after the hospital filed its cost report.  However, defendant lacks sufficient information at this time to confirm or deny the precise amount of time that lapsed between the filing of a cost report and the issuance of an NPR in each instance.

74.    Admits that fiscal intermediaries did not reimburse plaintiffs for all claimed costs. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

75.    Admits that plaintiff hospitals pursued administrative appeals.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

76.    Admits the existence of the referenced PRRB letters, to which the Court is referred for a full and accurate statement of their contents.  *See* A.R. 1-3, 224-27, 607-17, 969-71, 1132-34, 1256-59, 1613-15, 1823-26, 2084-89. The balance of this paragraph contains plaintiffs' characterizations of these decisions, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

**Assignment of Errors**.

77A-H.        This paragraph contains plaintiffs' characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.  The Court is referred to the cited statutory provisions,

regulations, and judicial opinions for a full and accurate statement of their contents.

**Claim for Relief**

78A-D.    Denies that plaintiffs are entitled to these remedies.  This paragraph contains plaintiffs' characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.


Defendant specifically denies all allegations in the Amended Complaint not otherwise answered or qualified herein.  In addition, defendant denies that plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

WHEREFORE, defendant requests that plaintiffs' Prayer for Relief be denied, that this action be dismissed with prejudice, and that defendant be awarded his costs and such other relief as may be appropriate.


Dated: March 3, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia

SHEILA LIEBER
Deputy Director, Federal Programs Branch

/s/
AMY E. POWELL
Attorney (NY Bar)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

Telephone: (202) 514-9836
Facsimile: (202) 616-8202
Email: amy.powell@usdoj.gov